## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

**JILL VANDERMEER AND BRETT VANDERMEER**,

     Plaintiffs,

v.

**USAA CASUALTY INSURANCE COMPANY**,

     Defendant.

---

## NOTICE OF REMOVAL

---

Defendant USAA Casualty Insurance Company ("USAA CIC"), by its attorneys, respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, USAA CIC states as follows:

### INTRODUCTION

1.    On July 15, 2025, Plaintiffs Jill VanderMeer and Brett VanderMeer filed a Complaint against USAA CIC in the District Court for Denver County, Colorado, Case No. 2025CV32502, commencing a state court action. (Ex. A, Complaint, pp. 1-9.)

2.    The Complaint alleges that USAA CIC issued a homeowners insurance policy to Plaintiffs. (*Id.* ¶ 9.) Plaintiffs allege their home was damaged on or around October 24, 2022 from multiple water leaks. (*Id.* ¶¶ 16-25.) They assert that USAA CIC unreasonably delayed and/or denied payment under the policy for alleged damages to the home as a result of the water leaks. (*See generally id.*)

3.      Plaintiffs have asserted three claims for relief: (1) breach of contract, (2) common law bad faith, and (3) statutory bad faith. (*See id.* ¶¶ 74-90.)

4.      Based on the allegations of their Complaint, Plaintiffs seek more than $75,000 in damages. (*See id.* at ¶¶ 33, 84.) Further, Plaintiffs filed a District Court Cover Sheet indicating they are seeking more than $100,000 in damages. (*See* Ex. B, Civil Cover Sheet.)

5.      Plaintiffs served their Complaint on USAA CIC on July 29, 2025. (*See* Ex. C, Return of Service.)

6.      With their Complaint, Plaintiffs served the District Court Civil Cover Sheet and a Summons. (*See* Ex, D, Summons.)

## GROUNDS FOR REMOVAL

7.      "[D]diversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be 'complete diversity between all plaintiffs and all defendants.'" *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state. And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Id.* (cleaned up); *see Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985) (providing that for diversity jurisdiction purposes, citizenship and domicile are synonymous). "[T]he domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Vlandis v. Kline*, 412 U.S. 441, 454 (1973). When a domicile is established, there is a rebuttable presumption that the domicile continues. *See Middleton*, 749 F.3d 1197 at 1200.

2

8.      Removal is accomplished by filing a notice of removal stating the grounds for removal, together with a copy of all papers and orders served on the defendant, which must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(a), (b)(1).

9.      In this case, removal is proper because this is a civil action in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. As such, this court has original jurisdiction pursuant to 28 U.S.C. § 1332. Further, USAA CIC has complied with the requirements of 28 U.S.C. § 1446.

***Complete Diversity Between the Parties***

10.      There is complete diversity between the parties in this action, as Plaintiffs are citizens of Colorado, and USAA CIC is a citizen of Texas.

11.      Plaintiffs are citizens of Colorado, as evidenced by the following. Plaintiffs aver in their Complaint that they reside in Colorado. (*See* Ex. A, ¶¶ 1, 2.) Jefferson County Assessor records for 217 Pierce Street show that Plaintiffs are the owners. (*See* Ex. E, 217 Pierce Street Jefferson County Assessor Records.) Plaintiffs' averments that they reside in Colorado constitute prima facie evidence that they are citizens of the State of Colorado. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("[T]he place of residence is *prima facie* [evidence of] the domicile."); *Kelleam v. Md. Cas. Co.*, 112 F.2d 940, 943 (10th Cir. 1940), *rev'd on other grounds*, 312 U.S. 377 (1941) ("Proof that a person is a resident of a state is prima facie evidence that he is a citizen thereof.").

3

12.      Additionally, Plaintiffs are registered to vote in Colorado. Brett VanderMeer is a
registered Colorado voter and has been since 2016. (*See* Ex. F, Voter Registration for Brett
VanderMeer.) He is registered to vote at 217 Pierce Street, Lakewood, Colorado, 80226, the real
property at issue in this case. (*See id*.) Jill VanderMeer is also a registered Colorado voter and has
been since 2019. (*See* Ex G, Voter Registration for Jill VanderMeer.) Her voting address is also
217 Pierce Street. (*See id*.) Colorado's Uniform Election Code of 1992 (the "Code") governs
voting in Colorado. Section 1-2-102(1)(a)(I) of the Code provides: "The residence of a person is
the principal home or place of abode of a person. A principal or primary home or place of abode
is that home or place in which a person's habitation is fixed and to which that person, whenever
absent, has the present intention of returning after a departure or absence, regardless of the duration
of the absence." As such, voter registration is persuasive evidence of a person's citizenship because
an individual registering to vote must declare, under penalty of perjury, that he or she has been a
resident of the state for a period of time before registration and that the address provided on the
registration is the registrant's only place of residence. *See Searle v. CryoHeart Lab'ys, Inc.*, No.
20-cv-03830-PAB, 2021 WL 1589268, at *2–3 (D. Colo. Apr. 22, 2021) (describing Colorado
voter registration requirements and explaining why voter registration and voting practices are
strong evidence of citizenship, including the potential consequences for lying about one's
residency).

13.      USAA CIC is a citizen of the State of Texas. It is organized under the laws of the
State of Texas with its principal place of business in, and operating out of, San Antonio, Texas.
(*See* Exhibit H, USAA CIC Record). *See also* 28 U.S.C. § 1332(c)(1) (for purposes of diversity,
corporation is deemed to be citizen of every state by which it has been incorporated and of the

state where it has its principal place of business); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.").

14.    The amount in controversy exceeds $75,000. According to their Complaint, Plaintiffs are seeking damages related to an estimate for repairs to 217 Pierce Street that totals $61,198.09. (Ex. A, ¶ 33.) Additionally, she seeks two times the allegedly covered benefit, attorney fees, and costs. (*See id.* ¶ 84.)

15.    Further, the District Court Civil Case Cover Sheet accompanying their Complaint indicates that Plaintiffs seek more than $100,000 from USAA CIC. (Ex. B, District Court Civil Case Cover Sheet.) *See Paros Prop., LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264 (10th Cir. 2016) (civil cover sheet is "other paper" from which amount in controversy may be ascertained).

### *Procedural Requirements*

16.    USAA CIC's Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b). Plaintiffs served USAA CIC on July 29, 2025. (*See* Ex. C.) This Notice of Removal is served within 30 days of that date.

17.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served on USAA CIC in this action are attached, including the Complaint (Ex. A); Civil Case Cover Sheet (Ex. B); Return of Service (Ex. C.); Summons (Ex. D); and August 20, 2025 Order on Unopposed Motion for Extension of Time to Respond to Complaint (Ex I).

18.    Pursuant to 28 U.S.C. § 1446(d), the undersigned hereby certifies that this Notice of Removal has been filed with the Clerk of the Court for Denver District Court and served on Plaintiffs' attorneys. (*See* Exhibit J, Notice of Filing of Notice of Removal).

19.     Pursuant to D.C.COLO.LCIVR 81.1, a copy of the register of actions in the Denver assigned case number is attached as Exhibit K.

20.     Pursuant to the Denver District Court's August 20, 2025 Order, (Ex. I, Order on Unopposed Motion for Extension of Time to Respond to Complaint), USAA CIC's response to Plaintiffs' Complaint is due on September 9, 2025. There are no other pending motions, petitions, responses, replies, or briefs in the state court action, and no hearings are scheduled.

21.     By filing this Notice of Removal, USAA CIC does not waive any defense that may be available. USAA CIC has not yet filed an Answer or other response to Plaintiffs' Complaint in the state court action and will file the same with this Court.

WHEREAS, USAA CIC requests that the above action now pending against it in Denver District Court be removed to this Court.

Dated this August 26, 2025.                    Respectfully submitted,

                                               *s/ Kelly L. Kafer*

                                               _____
                                               Kelly L. Kafer, Esq.
                                               Jeremy R. Speckhals, Esq.
                                               Rider Kafer, PC
                                               1512 Larimer Street, Suite 450
                                               Denver, CO 80202
                                               Phone: (303) 623-1832
                                               Fax: (303) 623-1833
                                               Email: kkafer@riderkafer.com
                                                       jspeckhals@riderkafer.com
                                               ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly served this August 26, 2025, to each of the following:

| | | |
|---|---|---|
| Alexander F. Beale | ( ) | via U.S. Mail |
| Beale Legal Counselors, LLC | (x) | via Electronic Mail |
| 2596 W. Alamo Ave. | ( ) | via Facsimile |
| Littleton, CO 80120 | ( ) | via Overnight Mail |
| *Attorney for Plaintiff* | ( ) | via CM/ECF System |

| | | |
|---|---|---|
| Jon M. Topolewski | ( ) | via U.S. Mail |
| Matthew Hamblin | (x) | via Electronic Mail |
| Robinson & Henry, PC | ( ) | via Facsimile |
| 216 16th St. | ( ) | via Overnight Mail |
| Suite 750 | ( ) | via CM/ECF System |
| Denver, CO 80202 | | |
| *Attorney for Plaintiff* | | |

s/ Felisha Hurtado

7